IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:19-cv-03655 |
| vs. | ) |
| FUNDS IN THE AMOUNT OF $318,990 IN U.S. CURRENCY, | ) |
| Defendant. | ) |
| _____/ | ) |
| HADXIAN MATTHEWS, | ) |
| Claimants. | ) |
| _____/ | ) |

**ANSWER OF CLAIMANT TO COMPLAINT FOR FORFEITURE;
DEMAND FOR TRIAL BY JURY**

Claimant HADXIAN MATTHEWS hereby answer the allegations in the government's Complaint For Forfeiture In Rem as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, Claimant denies that the property was seized by the United States government for violations of federal law, and admits this is a civil action brought by the United States in an effort to forfeit property to the United States.

2. In response to the allegations contained in paragraph 2 of the Complaint, Claimant admits that this action is an in rem legal proceeding against property, not against an

individual, to determine rights in the property. In regards to the remaining allegation contained in paragraph 2 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

3. In response to the allegations contained in paragraph 3 of the Complaint, Claimant admits that this is an in rem legal proceeding against property that appears to invoke the cited statutory provisions, but denies that the property is subject to forfeiture or was related to any of the violations of any of the statutes identified and alleged.

4. In response to the allegations contained in paragraph 4 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

5. In response to the allegations contained in paragraph 5 of the Complaint, Claimant admits that what appears to be a verification is attached to the complaint. In regards to the remaining allegations contained in paragraph 5 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

6. In response to the allegations contained in paragraph 6 of the Complaint, Claimant admits the allegations contained therein.

7. In response to the allegations contained in paragraph 7 of the Complaint, Claimant admits that the subject property was seized on December 18, 2018. In regards to the remaining allegation contained in paragraph 7 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

8. In response to the allegations contained in paragraph 8 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

9. In response to the allegations contained in paragraph 9 of the Complaint, Claimant admits the allegations contained therein.

10. In response to the allegations contained in paragraph 10 of the Complaint, Claimant denies that acts or omissions giving rise to forfeiture occurred in this district. In regards to the remaining allegation/s contained in paragraph 10 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

11. In response to the allegations contained in paragraph 11 of the Complaint, Claimant denies that acts or omissions giving rise to forfeiture occurred in this district. In regards to the remaining allegation/s contained in paragraph 11 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

12. In response to the allegations contained in paragraph 12 of the Complaint, Claimant denies the allegations contained therein.

13. In response to the allegations contained in paragraph 13 of the Complaint, Claimant denies the allegations contained therein.

14. In response to the allegations contained in paragraph 14 of the Complaint, Claimant denies the allegations contained therein.

15. In response to the allegations contained in paragraph 15 of the Complaint, Claimant denies that agents conducted a consensual interview, admits that they conducted a

search and seized the subject property from Claimant, and that Claimant was a passenger traveling via Amtrak® from Newark, New Jersey to Sacramento, California.

16. In response to the allegations contained in paragraph 16 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

17. In response to the allegations contained in paragraph 17 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

18. In response to the allegations contained in paragraph 18 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

19. In response to the allegations contained in paragraph 19 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

20. In response to the allegations contained in paragraph 20 of the Complaint, Claimant denies the allegations contained therein.

21. In response to the allegations contained in paragraph 21 of the Complaint, Claimant denies the allegations contained therein.

22. In response to the allegations contained in paragraphs 22 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

23. In response to the allegations contained in paragraph 23 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained

therein, and on those grounds, denies each and every allegation contained therein.

24. In response to the allegations contained in paragraph 24 of the Complaint, Claimant admits for purposes of this action that "suspicious travel itineraries include ticket purchase at the counter immediately prior to departure" and paying for the ticket in cash. Claimant denies that suspicious travel itineraries include short notice reservations for one-way travel.

25. In response to the allegations contained in paragraphs 25 of the Complaint, Claimant admits the allegations contained therein.

26. In response to the allegations contained in paragraph 26 of the Complaint, Claimant admits the allegations contained therein.

27. In response to the allegations contained in paragraph 27 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

28. In response to the allegations contained in paragraph 28 of the Complaint, Claimant denies the allegations contained therein.

29. In response to the allegations contained in paragraph 29 of the Complaint, Claimant admits the allegations contained therein.

30. In response to the allegations contained in paragraph 30 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

31. In response to the allegations contained in paragraph 27 of the Complaint, Claimant denies the allegations contained therein.

32. In response to the allegations contained in paragraph 32 of the Complaint,

Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

33. In response to the allegations contained in paragraph 33 of the Complaint, Claimant admits that agents were dressed in civilian attire and did not have weapons, radios, or other police markings visible. In regards to the remaining allegation/s contained in paragraph 33 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

34. In response to the allegations contained in paragraph 34 of the Complaint, Claimant admits that the door to was closed, locked, and the curtains were drawn, and that he opened the door after the agents knocked on it. In regards to the remaining allegation/s contained in paragraph 34 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

35. In response to the allegations contained in paragraph 35 of the Complaint, Claimant admits that an agent identified himself by displaying a badge and stated that Claimant was not under arrest or in any kind of trouble. Claimant denies that he agreed to speak with agents. In regards to the remaining allegation/s contained in paragraph 35 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

36. In response to the allegations contained in paragraph 36 of the Complaint, Claimant admits the allegations contained therein.

37. In response to the allegations contained in paragraph 37 of the Complaint,

Claimant admits the allegations contained therein.

38. In response to the allegations contained in paragraph 38 of the Complaint, Claimant denies the allegations contained therein.

39. In response to the allegations contained in paragraph 39 of the Complaint, Claimant admits that he was asked if he packed his own luggage, knew all of the items in his luggage, and if all the contents on his person and in his luggage were his and that he replied yes to all three questions. In regards to the remaining allegation/s contained in paragraph 39 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

40. In response to the allegations contained in paragraph 40 of the Complaint, Claimant denies that the agent "then asked for consent to search his luggage for any of the items they discussed" and denies that he "gave verbal consent to search his luggage." Claimant admits the remainder of the allegations contained therein.

41. In response to the allegations contained in paragraph 41 of the Complaint, Claimant denies the allegations contained therein.

42. In response to the allegations contained in paragraph 42 of the Complaint, Claimant admits that an agent searched the rolling duffel bag and found it contained a large vacuum sealed bag containing clothing. In regards to the remaining allegation/s contained in paragraph 42 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

43. In response to the allegations contained in paragraph 43 of the Complaint, Claimant admits that an agent searched the suitcase and found it contained a large vacuum sealed

bag with clothing. In regards to the remaining allegation/s contained in paragraph 43 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

44. In response to the allegations contained in paragraph 44 of the Complaint, Claimant denies that he would not answer the question about U.S. Currency initially, admits that he responded affirmatively to the question, and Claimant denies that an agent advised that the question was specific. Claimants admits that he complained to agents that he did not understand what was occurring and why.

45. In response to the allegations contained in paragraph 45 of the Complaint, Claimant denies the allegations contained therein.

46. In response to the allegations contained in paragraph 46 of the Complaint, Claimant admits that he declined to answer any more questions after discussion about his employment and income as an accountant while walking to the South Boarding Lounge to encounter the dog, but denies the remainder of the allegations contained therein.

47. In response to the allegations contained in paragraph 47 of the Complaint, Claimant admits that the he, dog team, and the three other officers arrived at the boarding lounge.

48. In response to the allegations contained in paragraph 48 through 52 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

49. In response to the allegations contained in paragraph 53 of the Complaint, Claimant admits that agents placed his luggage in the area while he and the dog team looked on, but denies that the dog gave positive alerts.

50. In response to the allegations contained in paragraph 54 of the Complaint, Claimant admits the allegations contained therein.

51. In response to the allegations contained in paragraph 55 through 57 of the Complaint, Claimant admits that the agents repeated that they were seizing his property, and admits the remaining allegations contained therein.

52. In response to the allegations contained in paragraph 58 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

53. In response to the allegations contained in paragraph 59 of the Complaint, Claimant admits that he was given a receipt and signed some sort of form, and was escorted to Amtrak customer service where he arranged to continue his travel. In regards to the remaining allegation contained in paragraph 59 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

54. In response to the allegations contained in paragraph 60 through 62 of the Complaint, Claimant admits that he submitted an online claim to DEA in response to a notice regarding the subject property. In regards to the remaining allegations contained in paragraph 60 through 62 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

55. In response to the allegations contained in paragraph 63 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

56. In response to the allegations contained in paragraph 64 of the Complaint, Claimant denies that the subject property is subject to forfeiture for the reasons or per the statute/s identified.

57. In response to the allegations contained in paragraph 65 of the Complaint, Claimant admits that that the statute/s provide/s roughly as quoted.

58. In response to the allegations contained in paragraph 66 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

59. In response to the allegations contained in paragraph 67 of the Complaint, Claimant denies that the subject property is subject to forfeiture for the reasons or per the statute/s identified.

60. In response to the allegations contained in paragraph 68 through 71 of the Complaint, Claimant admits that that the statute/s provide/s roughly as quoted.

61. In response to the allegations contained in paragraph 72 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

62. In response to the allegations contained in paragraph 73 of the Complaint, Claimant denies that the subject property is subject to forfeiture for the reasons or per the statute/s identified.

63. In response to the allegations contained in paragraph 74 through 79 of the Complaint, Claimant admits that that the statute/s provide/s roughly as quoted.

64. In response to the allegations contained in paragraph 80 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained

therein, and on those grounds, denies each and every allegation contained therein.

65. In response to the allegations contained in paragraph 81 of the Complaint, Claimant denies that the subject property is subject to forfeiture for the reasons or per the statute/s identified.

66. In response to the allegations contained in paragraph 82 through 84 of the Complaint, Claimant admits that that the statute/s provide/s roughly as quoted.

67. In response to the allegations contained in paragraph 85 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.

68. In response to the allegations contained in paragraph 86 of the Complaint, Claimant denies that the subject property is subject to forfeiture for the reasons or per the statute/s identified.

69. In response to the allegations contained in paragraph 87 through 91 of the Complaint, Claimant admits that that the statute/s provide/s roughly as quoted.

IN ADDITION, CLAIMANT RAISES THE FOLLOWING NUMBERED DEFENSES TO THE GOVERNMENT'S FORFEITURE COMPLAINT:

FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, Claimant alleges that said Complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b) and/or for noncompliance with Rule G of The Supplemental Rules For Admiralty or Maritime Claims and Asset Forfeiture Actions, including that said Complaint does not state facts sufficient to state a

claim for forfeiture of defendant property.

## SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that plaintiff lacked untainted probable cause for either the institution of this forfeiture suit (19 U.S.C. § 1615) and/or the seizure of defendant property.

## THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the search, seizure and/or arrest of the claimant/s and his effects including defendant property which is claimed to be subject to forfeiture by plaintiff was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution and related case law. Consequently, all of the evidence seized and the fruits thereof must be suppressed pursuant to applicable case law and/or Rule G (8)(a) of the Supplemental Rules For Admiralty or Maritime Claims And Asset Forfeiture Actions.

## FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the defendant property was derived from legitimate activities and thus, claimant has an innocent interest in said property, and pursuant to 21 U.S.C. Section 881(a)(7), and 18 U.S.C. Section 983(d), he has an innocent ownership interest in the defendant property such that any act or omission which would have subjected said property to forfeiture was committed or omitted without Claimant's knowledge or consent.

## FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the

United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimant was denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that 21 U.S.C. § 881, 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are

unconstitutional and unenforceable, in that they constitute a denial of claimant's due process and equal protection rights under the United States Constitution - the procedures used to adjudicate the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S. 847 (2017), 137 S. Ct. 848 (denying cert., Statement of THOMAS, J.) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 745 (1982).

TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that the defendant property was not proceeds of any violation of law, nor was the defendant property otherwise related to any violation of law, that would subject the property to forfeiture pursuant to any law.

ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimant alleges that pursuant to the Due Process Clause of the United States Constitution and plaintiff's statutory obligation to initiate this action promptly from the time of discovery of any facts giving rise to the government's claim and/or to initiate this action promptly or commence trial promptly from the time of seizure or filing, plaintiff is barred from bringing this forfeiture action by its unnecessary delay.

TWELFTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense to the Complaint, Claimant alleges that said Complaint is barred by the applicable statute of limitations.

**PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER:**

WHEREFORE, claimant HADXIAN MATTHEWS prays this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of Claimants.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimants' possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of defendant property be released and surrendered to Claimants forthwith.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to Claimants.

5. Provide such other and further relief as this court deems proper and just.

Respectfully submitted,

Dated: 26 July 2019

       *s/Edward M. Burch*
       EDWARD M. BURCH, CSBN 255470
       DAVID M. MICHAEL, CSBN 74031
       LAW OFFICES OF MICHAEL & BURCH, LLP
       One Sansome Street, Suite 3500
       San Francisco, CA 94104
       Telephone: (415) 946-8996
       E-Mail: edward@michaelburchlaw.com

       Attorney for Claimant
       HADXIAN MATTHEWS

**CERTIFICATE OF SERVICE**

I hereby certify that on 26 July 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Erin E. Kelly
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, IL  60604
(312) 886-9083
erin.kelly@usdoj.gov

        *s/Edward M. Burch*
        EDWARD M. BURCH, CSBN 255470
        DAVID M. MICHAEL, CSBN 74031
        LAW OFFICES OF MICHAEL & BURCH, LLP
        One Sansome Street, Suite 3500
        San Francisco, CA 94104
        Telephone: (415) 946-8996
        Facsimile: (877) 538-6220
        E-mail: edward@michaelburchlaw.com

        Attorney for Claimant
        HADXIAN MATTHEWS